UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN OSCAR AUSTIN, | No. 2:25-cv-2054 CSK P |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 24, 2025, petitioner filed a motion for a temporary restraining order. (ECF No. 4.) For the following reasons, petitioner's motion for a temporary restraining order is vacated without prejudice.

On July 21, 2025, petitioner opened this action by filing a letter with the court. (ECF No. 1.) In this letter, petitioner appeared to challenge conditions of confinement at Kern Valley State Prison ("KVSP"), where petitioner is incarcerated. (Id.) Petitioner also appeared to challenge his Stanislaus County conviction. (Id.) On July 24, 2025, this Court filed an order construing petitioner's claims challenging conditions of confinement at KVSP as a civil rights action. (ECF No. 3.) This Court directed the Clerk of the Court to forward petitioner's letter to the Fresno

///

///

1

Division of this court to be opened as a new civil rights action.[1] (Id.) This Court construed petitioner's claims challenging his Stanislaus County conviction as a habeas corpus petition pursuant to 28 U.S.C. § 2254, properly filed in the Sacramento Division of this court. (Id.) This Court also observed that in petitioner's letter filed July 21, 2025, petitioner claimed that he did not have access to his legal property. (Id.) This Court granted petitioner thirty days to file an in forma pauperis application and a habeas corpus petition on the form provided by the Clerk of the Court. (Id.) If petitioner did not have access to his legal property and required access to his legal property in order to file his habeas corpus petition, petitioner was directed to inform this Court within thirty day. (Id.) Petitioner was directed to inform this Court who was allegedly denying petitioner access to his legal property and of any requests made by petitioner for access to his legal property. (Id.)

In the motion for injunctive relief filed July 24, 2025, and signed by petitioner on July 18, 2025, petitioner claims that he was put in "the hole" at KVSP on July 9, 2025.[2] (ECF No. 4.) Petitioner claims that when he was put in "the hole," his property was taken from him and has still not been returned. (Id.) Petitioner claims that he does not have access to a telephone or other means of communication. (Id.) Petitioner requests a court order allowing him to "contact the little contacts" he has while he is going through litigation. (Id.) Petitioner claims that he has no contact with the outside world. (Id.) Petitioner claims that a writ of execution was alleged to be in place as of June 25, 2025. (Id.)

To the extent petitioner seeks return of his legal property in the pending motion, this Court ordered petitioner to file further briefing regarding this matter, if appropriate, in the order filed July 24, 2025. As stated in the July 24, 2025 order, if petitioner does not have access to his legal property within thirty days of the date of the order and requires access to his legal property in order to file his habeas corpus petition, petitioner is directed to inform the Court. For this reason, petitioner's request for access to his legal property contained in the pending motion for injunctive

---

[1] Petitioner's civil rights action in the Fresno Division now proceeds as case no. 1:25-cv-00903 EPG.
[2] This Court was not aware of petitioner's motion filed on July 24, 2025 when it issued the order also filed on July 24, 2025.

relief, signed by petitioner on July 18, 2025, is vacated without prejudice. Petitioner may renew his request for access to his legal property in accordance with the order filed July 24, 2025.

Regarding petitioner's request for access to his contacts and his claim regarding the writ of execution, this Court does not understand how these matters concern the instant petition for writ of habeas corpus challenging petitioner's Stanislaus County conviction. For this reason, petitioner's requests regarding these matters made in the pending motion for injunctive relief are vacated without prejudice. Petitioner may renew his requests regarding access to his contacts and the writ of execution if he is able to demonstrate how these requests relate to petitioner's challenge to his Stanislaus County conviction raised in the instant petition for writ of habeas corpus.

Petitioner is also informed that he must either pay the filing fee or file an application to proceed in forma pauperis before this Court will address a motion for injunctive relief.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for a temporary restraining order (ECF No. 4) is vacated without prejudice.

Dated: July 29, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Aust2054.ord(2)/2

3