UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN OSCAR AUSTIN,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | No. 2:25-cv-2054 CSK P<br><br>ORDER |

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, plaintiff's second motion for a temporary restraining order filed August 4, 2025 is vacated and petitioner is granted thirty days to file an in forma pauperis application and a habeas corpus petition.

    On July 21, 2025, petitioner opened this action by filing a letter with the court. (ECF No. 1.) In this letter, petitioner appeared to challenge conditions of confinement at Kern Valley State Prison ("KVSP"), where petitioner was incarcerated. (Id.) Petitioner also appeared to challenge his Stanislaus County conviction. (Id.) On July 24, 2025, this Court filed an order construing petitioner's claims challenging conditions of confinement at KVSP as a civil rights action. (ECF No. 3.) This Court directed the Clerk of the Court to forward petitioner's letter to the Fresno

1

1  Division of this district court to be opened as a new civil rights action.[1]  (Id.)  This Court
2  construed petitioner's claims challenging his Stanislaus County conviction as a habeas corpus
3  petition pursuant to 28 U.S.C. § 2254, properly filed in the Sacramento Division.  (Id.)  This
4  Court also observed that in petitioner's letter filed July 21, 2025, petitioner claimed that he did
5  not have access to his legal property.  (Id.)  This Court granted petitioner thirty days to file an in
6  forma pauperis application and a habeas corpus petition on the forms provided by the Clerk of the
7  Court.  (Id.)  If petitioner did not have access to his legal property and required access to his legal
8  property in order to file his habeas corpus petition, petitioner was directed to inform this Court
9  who was allegedly denying petitioner access to his legal property and of any requests made by
10  petitioner for access to his legal property.  (Id.)

11      On July 24, 2025, petitioner filed his first motion for a temporary restraining order.  (ECF
12  No. 4.)  In this motion, petitioner claimed that he was put in the "hole" at KVSP on July 9, 2025.
13  (Id.)  Petitioner claimed that when he was put in the "hole," his property was taken from him and
14  had still not been returned.  (Id.)  Petitioner claimed that he did not have access to a telephone or
15  other means of communication.  (Id.)  Petitioner requested a court order allowing him to "contact
16  the little contacts" he had while he was going through litigation.  (Id.)  Petitioner claimed that he
17  had no contacts with the outside world.  (Id.)  Petitioner claimed that a writ of execution was
18  alleged to be in place as of June 25, 2025.  (Id.)

19      On July 29, 2025, this Court vacated petitioner's first motion for a temporary restraining
20  order without prejudice.  (ECF No. 6.)  To the extent petitioner sought return of his legal property
21  in the first motion for a temporary restraining order, this Court observed that in the order filed
22  July 24, 2025, petitioner was ordered to file further briefing regarding this matter, if appropriate.
23  (Id.)  As stated in the July 24, 2025 order, if petitioner did not have access to his legal property
24  within thirty days of the date of the order and required access to his legal property in order to
25  prepare his habeas corpus petition, petitioner was ordered to inform the Court.  (Id.)  In the order
26  filed July 29, 2025, this Court vacated petitioner's request for access to his legal property
27
28

---

[1] Petitioner's civil rights action in the Fresno Division now proceeds as case no. 1:25-cv-00903 EPG.

contained in the first motion for a temporary restraining order. (Id.) This Court ordered that petitioner could renew his request for access to his legal property in accordance with the order filed July 24, 2025. (Id.)

Regarding petitioner's request for access to his contacts and his claim regarding the writ of execution made in the first motion for a temporary restraining order, in the order filed July 29, 2025, this Court stated that it did not understand how these matters concerned the instant petition challenging petitioner's Stanislaus County conviction. (Id.) For this reason, petitioner's requests regarding these matters made in the first motion for a temporary restraining order were vacated without prejudice. (Id.)

On August 4, 2025, petitioner filed the pending second motion for a temporary restraining order, signed by petitioner on July 27, 2025. (ECF No. 7.) In this motion, petitioner states that he is unable to contact "P.I. to put together detailed billing or any other obligations I have." (Id.) Petitioner states that he is not refusing to pay, but he just does not know what money he has. (Id.) Petitioner states that he is requesting an in-person physical meeting with an advisory council. (Id.) Petitioner states that he is requesting to be "extracted from this prison…I'm being taken advantage of and trafficked around...I'm unclear of where the proceedings are at and need a temporary restraining order. I'm being denied medical and other needs like access to phones." (Id.) Petitioner states that he is unable to send anything out until he is released from this prison because "they" are stealing petitioner's things and all work product. (Id.) Petitioner requests that he be physically brought to court for all hearings. (Id.)

This Court observes that thirty days passed from the July 24, 2025 order and petitioner did not file an application to proceed in forma pauperis or a habeas corpus petition. Petitioner has also failed to inform the Court who is allegedly denying petitioner access to his legal property and of any requests made by petitioner for access to his legal property. In the second motion for a temporary restraining order, petitioner does not identify any prison official by name who is denying him access to his legal property. Nevertheless, because it appears that petitioner intends to prosecute this action, petitioner is granted an additional thirty days to file an application to proceed in forma pauperis and a habeas corpus petition.

In the second motion for a temporary restraining order, petitioner states that he is unable to put together a "detailed billing" because he does not know how much money he has. Petitioner is not required to provide the court with a "detailed billing" in his in forma pauperis application. Petitioner shall complete the in forma pauperis application to the best of his ability and submit it to the court.

In the second motion for a temporary restraining order, petitioner claims that he needs a temporary restraining order but the grounds of this request are not clear. Petitioner's claims regarding inadequate medical care, being trafficked and denied access to phones appear unrelated to the instant petition for writ of habeas corpus challenging the validity of petitioner's Stanislaus County conviction. Absent a nexus between the injury claimed in the motion and the underlying action, the court lacks the authority to grant any relief. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015); Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020). For these reasons, petitioner's second motion for a temporary restraining order is vacated without prejudice. Petitioner may renew his motion for a temporary restraining order if he can demonstrate how the requests made in the pending motion relate to petitioner's challenge to his Stanislaus County conviction raised in the instant action.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's second motion for a temporary restraining order (ECF No.7) is vacated without prejudice;

2. Petitioner shall file, within thirty days of the date of this order, a habeas corpus petition and an affidavit to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in a recommendation that this action be dismissed; and

3. If petitioner does not have access to his legal property and requires access to his legal property in order to file his habeas corpus petition, petitioner shall file the briefing discussed in the order filed July 24, 2025 within thirty days of the date of this order.

Dated: August 27, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Aust2054.ord(3)/2

4