UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN OSCAR AUSTIN,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | No. 2:25-cv-2054 DAD CSK P<br><br>ORDER |

**I. INTRODUCTION**

    Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2016 conviction for robbery, carjacking, felon in possession of a firearm, evading police and gun enhancements. (ECF No. 16 at 1.) For the following reasons, this Court finds that the claims raised in the petition are not exhausted. Petitioner is granted thirty days from the date of this order to file a motion to stay this action while he exhausts his unexhausted claims. If petitioner does not file a motion to stay within that time, this Court will recommend dismissal of this action.

**II. LEGAL STANDARDS RE: EXHAUSTION AND STAY AND ABEYANCE**

    Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The exhaustion doctrine is based on a policy of federal and state comity,

designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346, 351 (1989). A claim has been fairly presented if the petition has described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233, 237 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-38.

A petitioner may avoid dismissal of a petition containing unexhausted claims through seeking a stay and abeyance of his petition. See Dixon v. Baker, 847 F.3d 714, 718-20 (9th Cir. 2017). The purpose of a stay and abeyance is to give a petitioner the opportunity to exhaust his claims in state court before presenting them in federal court. Id.

A stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) may be employed as to both mixed petitions and petitions raising only unexhausted claims.[1] See Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016). A Rhines stay is appropriate if (1) the petitioner has good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. See Rhines, 544 U.S. at 277-78.

///

---

[1] The Court notes that the alternative procedure for staying and abeying a federal habeas petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), only applies to habeas petitions that contain exhausted as well as unexhausted claims for relief. Because the instant petition is wholly unexhausted, a Kelly stay is not available in the present case.

2

**III. DISCUSSION**

The petition appears to raise the following claims: 1) conviction obtained in violation of the Fourth Amendment; 2) ineffective assistance of counsel; 3) violation of Brady v. Maryland, 373 U.S. 83 (1963), Fourteenth Amendment right to due process and equal protection; and 4) violation of Fifth Amendment right against self-incrimination, the Takings Clause, double jeopardy and Miranda v. Arizona, 384 U.S. 436 (1966). (ECF No. 16 at 4-5.)

Petitioner does not claim that he filed a habeas corpus petition in the California Supreme Court. Accordingly, this Court considers only whether petitioner exhausted any of the claims raised in the petition in the petition for review filed in the California Supreme Court on direct appeal.

In the petition, petitioner states that he filed a petition for review in the California Supreme Court raising the following claims: 1) failure to preserve evidence; 2) jury instruction error regarding flight; 3) prosecutorial misconduct; 4) trial court erred in denying motion for new trial; 5) interference with right to counsel of choice; and 6) sentencing error. (Id. at 2.) Petitioner also claims that the California Supreme Court transferred the action back to the California Court of Appeal for consideration of Senate Bill 1393. (Id.)

This Court reviewed the order by the California Court of Appeal affirming petitioner's conviction on direct appeal. See People v. Austin, case no. F073937, 2018 WL 3373409 (Cal. App. July 11, 2018). In this order, the California Court of Appeal addressed the same claims petitioner claims he raised in the petition for review. See id. This Court finds that the petition for review did not raise any of the claims raised in the instant petition. However, further discussion regarding this finding is required as to petitioner's Brady claim raised in claim three and petitioner's ineffective assistance of counsel claim raised in claim two.

The opinion of the California Court of Appeal on direct appeal reflects that petitioner raised a claim alleging failure to preserve evidence. See Austin, 2018 WL 3373409, at *7. The California Court of Appeal described the failure to preserve evidence claim as based on the trial court's abuse of discretion in denying a motion to dismiss the case in light of discovery violations by the prosecution team. See id. Petitioner "pointed to the failure to retain the items from which

3

the latent fingerprints were obtained, and the AFIS list of potential matches to those prints." Id. Petitioner claimed that "the trial court should have excluded the fingerprint evidence or otherwise imposed sanctions, and the abuse of its discretion denied him his federal constitutional rights to the effective assistance of counsel and due process of law." Id. In analyzing this claim, the California Court of Appeal cited Brady. See id. at *10. The California Court of Appeal denied petitioner's failure to preserve evidence claim, finding no due process violation and no ineffective assistance of counsel. See id. at *11.

Although claim three in the instant petition raises a Brady claim, claim three is not based on the failure to preserve evidence claim raised in the petition for review. In claim three, petitioner claims,

> The petitioner was denied adequate discovery prior to preliminary examination and trial which prevented him from challenging Fourth Amendment violations and illegal arrest claims since his name was not on any probable cause forms or warrants for arrest and had no record and his vehicle was registered to him and therefore no probable cause existed to arrest or detain him and no justification in searching vehicle and illegally seizing his property which would support exclusion of such evidence, defending current, prior or future prosecution. Denial of discovery denied him meritorious defense which would have been prevailing, denied him of fair hearing and trial and caused him to face material and prejudicial evidence/testimony without opportunity for meaningful cross-examination, impeachment and proving falsity and prosecutor misconduct and factual innocent claim.

(ECF No. 16 at 5.)

Because petitioner's Brady claim raised in claim three is not based on the failure to preserve evidence claim raised in the petition for review, this Court finds that claim three is not exhausted by the petition for review.

Although claim two in the instant petition raises an ineffective assistance of counsel claim, this claim is not based on the ineffective assistance of counsel claim related to the failure to preserve evidence claim raised in the petition for review. In claim two, petitioner claims,

> The petitioner has been provided ineffective assistance of counsel on multiple levels under Strickland and Cronic standards which caused a structural error of a constitutional magnitude. Counsels have failed to investigate or present illegal search and seizure claim, obtain petitioner's identifying documents back to support lack of personal

4

> jurisdiction claim, provided inadequate legal advice regarding suppression motion based on illegal arrest and illegal search and seizure and double jeopardy claims, failed to adequately consult with petitioner and provide discovery he was entitled to and colluded with the opposition in order to fraud the court and the petitioner, steal his property, coerce him into taking plea deals or abandon meritorious defenses and kept critical information from petitioner which would be beneficial to defense. Counsel was at a time completely absent at critical stages and when petitioner was absent stipulated to facts without his consent or did not ensure his right to present and contribute to his defense was upheld which contributed to the petitioner's convictions and loss of defenses.

(Id. at 4.)

Because claim two does not raise the ineffective assistance of counsel claim related to the failure to preserve evidence claim raised in the petition for review, this Court finds that claim two is not exhausted by the petition for review.

This Court observes that in the petition, petitioner cites three cases he allegedly filed in the California Supreme Court: S250686, S253363 and S284875.[2] (ECF No. 16 at 49.) This Court below discusses these cases and finds that they did not exhaust any of the claims raised in the instant petition.

Records from the California Supreme Court reflect that California Supreme Court case no. S250686 was the petition for review filed by petitioner from the order by the California Court of Appeal in case no. F073937 affirming petitioner's conviction. The docket from the California Supreme Court in case no. S250686 reflects that on October 24, 2018, the California Supreme Court granted the request for consideration of an additional issue in the petition for review and granted the petition for review. The California Supreme Court transferred the matter back to the California Court of Appeal with directions to vacate its decision and reconsider in light of Senate Bill 1393.

Records from the California Supreme Court reflect that California Supreme Court case no. S253363 was a petition for review opened on January 4, 2019 and denied on February 13, 2019.

---

[2] This Court takes judicial notice of the California Supreme Court records in case nos. S250686, S253363 and S284875. See Fed. R. Evid. 201(b); Reyn's Pasta Bella LLC v Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (observing that the court "may take judicial notice of court filings and other matters of public record.").

5

This petition for review appears to have challenged the December 3, 2018 order by the California Court of Appeal in case no. F073937 reconsidering its opinion in light of Senate Bill 1393. See People v. Austin, 2018 WL 6303822 (Cal. App. Dec. 3, 2018). Based on Senate Bill 1393, the California Court of Appeal remanded the matter to the trial court with discretion to resentence petitioner. See id. at *25.

Records from the California Supreme Court reflect that California Supreme Court case no. S284875 was a petition for review from California Court of Appeal case no. F086583. In case no. S284875, on June 12, 2024, the California Supreme Court denied the petition for review. To put case no. S284875 in context, this Court makes the following observations. After the California Court of Appeal in case no. F073937 remanded the matter to the trial court for the first time, the trial court exercised its discretion to strike the punishment for the California Penal Code § 667(a) enhancement but then unstayed the California Penal Code § 667.5(b) enhancement. See People v. Austin, 2021 WL 222351 (Cal. App. Jan. 22, 2021). In case no. F079651, the California Court of Appeal reviewed the trial court's resentencing of petitioner following the remand in case no. F073937. In case no. F079651, the California Court of Appeal struck the California Penal Code § 667.5(b) enhancement, vacated the sentence and remanded the matter to the trial court for a second time to conduct a new sentencing hearing. See id. at *2. Following the second remand, the trial court sentenced petitioner to 27 years, four months in prison. See People v. Austin, 2022 WL 4354618, at *1 (Cal. App. Sept. 20, 2022). In case no. F083888, the California Court of Appeal reviewed the trial court's latest resentencing of petitioner and ordered the $900 probation report fee stricken, vacated the sentence and remanded the matter to the trial court for a third time to pronounce judgment in compliance with AB 518 and all other laws in effect at the time. See id. at *4. In case no. F086583, the California Court of Appeal considered petitioner's appeal of the trial court's resentencing ordered in case no. F083888 following the third remand. See id. at 1-3. In case no. F086583, the California Court of Appeal affirmed the judgment and did not remand for further resentencing. See id. at *3. In case no. S284875, the California Supreme Court denied the petition for review filed from California Court of Appeal case no. F086583.

In conclusion, the petition for review filed in California Supreme Court case no. S250686 addressed the claims raised in petitioner's direct appeal filed in the California Court of Appeal, none of which are raised in the instant petition. The petitions for review filed in California Supreme Court case nos. S253363 and S284875 raised claims regarding petitioner's sentence, none of which are raised in the instant petition.

Because no claims raised in the instant petition have been presented to the California Supreme Court, petitioner is granted thirty days from the date of this order to file a motion to stay this action pursuant to Rhines while he exhausts his claims. In the motion to stay, petitioner shall address the three factors for a Rhines stay discussed above. If petitioner does not file a motion to stay within thirty days, this Court will recommend dismissal of this action.[3]

**IV. REQUEST FOR APPOINTMENT OF COUNSEL**

Petitioner has requested the appointment of counsel. (ECF No. 16 at 7.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time.

In accordance with the above, IT IS HEREBY ORDERED:

1. Petitioner's request for appointment of counsel is denied; and

2. Petitioner is granted thirty days from the date of this order to file a motion to stay pursuant to Rhines; failure to comply with this order will result in a recommendation of dismissal of this action.

Dated: December 5, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Aust2054.ord(4)/2

---

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).