UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN OSCAR AUSTIN,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | No. 2:25-cv-2054 DAD CSK P<br><br>FINDINGS & RECOMMENDATIONS |

**I. INTRODUCTION**

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is petitioner's motion for a temporary restraining order. (ECF No. 17.) For the following reasons, this Court recommends that petitioner's motion for a temporary restraining order be denied.

**II. LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER**

    Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on

1 the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary
2 relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction
3 is in the public interest.  See Winter, 555 U.S. at 20 (2008).  A plaintiff seeking a preliminary
4 injunction bears the burden of proving these elements.  See Klein v. City of San Clemente, 584
5 F.3d 1196, 1201 (9th Cir. 2009).

## III.  DISCUSSION

The petition appears to raise the following claims: (1) conviction obtained in violation of the Fourth Amendment; (2) ineffective assistance of counsel; (3) violation of Brady v. Maryland, 373 U.S. 83 (1963), Fourteenth Amendment right to due process and equal protection; and (4) violation of Fifth Amendment right against self-incrimination, the Takings Clause, double jeopardy and Miranda v. Arizona, 384 U.S. 436 (1966).  (ECF No. 16 at 4-5.)  This Court separately issued an order finding that none of petitioner's claims are exhausted.  (See ECF No. 18.)  In this order, the Court granted petitioner thirty days to file a motion to stay this action while petitioner exhausts his claims pursuant to Rhines v. Weber, 544 U.S. 269 (2005).

In the pending motion for a temporary restraining order, filed largely on a civil rights complaint form, petitioner raises six claims.  In claim one, petitioner alleges violation of the Fourth Amendment, Fifth Amendment and Fourteenth Amendment.  (ECF No. 17 at 2.) Petitioner alleges that he was falsely imprisoned under a name that is not his name and that he has been transferred from prison to prison against his will so that he is "hidden" in the system.  (Id.) Petitioner claims that he is falsely imprisoned and has suffered multiple injuries from targeted assaults based on false rumors.  (Id.)  In claim two, petitioner alleges violation of the Eighth Amendment, First Amendment and Fourteenth Amendment.  (Id. at 18.)  Petitioner claims that false information regarding petitioner has been disseminated, including false information that petitioner is transgender, has sex crimes convictions, is gay and is a federal informant.  (Id.)  In claim three, petitioner alleges violation of the First Amendment, Fourth Amendment, Fifth Amendment and Fourteenth Amendment.  (Id. at 4.)  Petitioner claims that his property was transferred without his knowledge and/or approval.  (Id.)  Petitioner claims that he is being held against his will while he attempts to obtain his property, which contains proof of his claims.  (Id.)

In claim four, petitioner alleges violation of the First Amendment, Fourth Amendment, Eighth Amendment and Fourteenth Amendment. (Id. at 5.) Petitioner claims that he was arrested without a warrant and without probable cause. (Id.) Petitioner appears to claim that based on his false arrest, "higher ups" maliciously prosecuted petitioner, slandered petitioner and declared petitioner mentally ill in order to discredit petitioner and cover up this illegality. (Id.) Petitioner claims that his identifying documents have been taken from him. (Id.) Petitioner claims that he has been illegally drugged in order to be transported against his will. (Id.) Petitioner claims that he has been prescribed medications he does not need. (Id.) Petitioner claims that he has been denied proper medical treatment. (Id.) In claim five, petitioner alleges violation of the Fourth Amendment, Fifth Amendment, Fourteenth Amendment and Thirteenth Amendment. (Id. at 6.) Petitioner claims that he was arrested without probable cause and that he is factually innocent. (Id.) Petitioner claims that he was maliciously prosecuted. (Id.) In claim six, petitioner alleges violation of the First Amendment, Fourth Amendment, Fifth Amendment and Fourteenth Amendment. (Id. at 7.) Petitioner claims that he has been denied access to the court and his mail has been tampered with. (Id.) Petitioner claims that his legal property was "provided to others" and that his address was fraudulently concealed to prevent adequate mail delivery. (Id.)

In his request for relief, petitioner requests the return of all property, an award of costs, mandatory restitution, an order for his release, an order to cease all transfers, an emergency hearing to provide proof and an order for discovery. (Id. at 8.)

To the extent petitioner seeks injunctive relief regarding the merits of the claims raised in the habeas corpus petition, petitioner fails to demonstrate a likelihood of success on the merits of these claims because petitioner's claims are not exhausted. (See ECF No. 18.) For this reason, petitioner's motion for a temporary restraining order should be denied. It also appears that many of the claims raised in the pending motion are improperly raised in this habeas corpus petition as they concern conditions of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (a civil rights action is the "proper remedy" for a petitioner asserting "a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). For example, petitioner's claims alleging inadequate medical care and that he was placed in danger as a result

of being falsely labeled transgender, gay, convicted of sex crimes and a federal informant concern conditions of confinement and should be raised in a civil rights action.  Finally, petitioner may file a motion in the instant action raising claims alleging denial of access to legal property, denial of access to the courts and mail tampering if petitioner demonstrates that these conditions impact his ability to litigate the instant action.  The pending motion fails to demonstrate petitioner's inability to litigate the instant action based on the alleged denial of access to legal property, denial of access to the courts or mail tampering.  Accordingly, petitioner's motion for a temporary restraining order on these grounds should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion for a temporary restraining order (ECF No. 17) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 5, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Aust2054.156/2