UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN OSCAR AUSTIN,<br><br>Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>Respondent. | No. 2:25-cv-02054-DAD-CSK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 17, 19) |

Petitioner Steven Oscar Austin is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 5, 2025, the assigned magistrate judge issued findings and recommendations recommending that petitioner's motion for a temporary restraining order (Doc. No. 17) be denied. (Doc. No. 19.) Specifically, the magistrate judge reasoned that petitioner had failed to demonstrate a likelihood of success on the merits of claims alleged in his petition because those claims are not exhausted, and new claims raised for the first time in the motion for a temporary restraining order are improperly raised in this habeas corpus action as they concern conditions of his confinement, though certain of those claims could possibly be appropriately raised if petitioner were to file a motion demonstrating that the alleged conditions impact his

1

1 ability to litigate the instant action. (*Id.* at 3–4.) Those findings and recommendations were
2 served on the parties and contained notice that any objections thereto were to be filed within
3 fourteen (14) days after service. (*Id.* at 4.) On December 22, 2025, petitioner filed objections to
4 the findings and recommendations. (Doc. No. 20.)

5 Petitioner's objections state in a conclusory manner that his evidence is being destroyed in
6 an attempt to impede him from pursuing his claim for false imprisonment. (*Id.* at 3.) In the
7 absence of any explanation or details regarding this purported effect, the magistrate judge's
8 finding as to this issue is correct and stands. *Cf. Capogreco v. Foulk*, No. 2:12-cv-01717 KJM
9 KJN, 2013 WL 1628237, at *2 (E.D. Cal. Apr. 15, 2013) ("Because petitioner has not
10 demonstrated that success here would have an impact on the length of his sentence, the motion to
11 dismiss should be granted.").

12 As to exhaustion, petitioner expresses confusion as to what he is meant to exhaust and
13 states that exhaustion would be futile since the state has created and conspired to deprive him of
14 his rights. (*Id.* at 6.) Further, petitioner claims that he is being falsely imprisoned under a name
15 that is not his own and has shown prison officials evidence of his true identity and an abstract of
16 judgment showing he should be released from prison. (*Id.* at 7.) Finally, petitioner argues that he
17 cannot exhaust his administrative remedies because to do so would require him to use the false
18 name he is being improperly held in custody under. (*Id.* at 8.) Petitioner requests an emergency
19 evidentiary hearing to provide proof in support of his claims. (*Id.* at 9.) Crucially, petitioner
20 provides no indication or evidence that any of petitioner's habeas claims have been fairly
21 presented to the "highest state court available[,]" or in fact to any state court, or that anything is
22 preventing him from doing so and, as such, petitioner has failed to exhaust his claims prior to
23 pursuing federal habeas relief as is required. *Hogan v. Bean*, 140 F.4th 1001, 1036 (9th Cir.
24 2025) (citation omitted).

25 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
26 *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's
27 objections, the court concludes that the findings and recommendations are supported by the
28 record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on December 5, 2025 (Doc. No. 19) are ADOPTED IN FULL;

2. Petitioner's motion for a temporary restraining order (Doc. No. 17) is DENIED; and

3. This matter is REFERRED BACK to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **January 3, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3