UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN OSCAR AUSTIN, | No.  2:25-cv-2054 DAD CSK P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| UNKNOWN, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before this Court is petitioner's motion for a temporary restraining order filed March 5, 2026.  (ECF No. 23.)  For the following reasons, this Court recommends that petitioner's motion for a temporary restraining order be denied.

**I.  LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citation omitted).  The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary

1

relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. See Winter, 555 U.S. at 20 (2008). A plaintiff seeking a preliminary injunction bears the burden of proving these elements. See Klein v. City of San Clemente, 584 F.3d 1196, 1201 (9th Cir. 2009).

**II. BACKGROUND**

This action proceeds on the petition for writ of habeas corpus filed November 21, 2025. (ECF No. 16.) The petition appears to raise the following claims: (1) conviction obtained in violation of the Fourth Amendment because petitioner is imprisoned under a false name; (2) ineffective assistance of counsel; (3) violation of Brady v. Maryland, 373 U.S. 83 (1963), Fourteenth Amendment right to due process and equal protection; and (4) violation of Fifth Amendment right against self-incrimination, the Takings Clause, double jeopardy and Miranda v. Arizona, 384 U.S. 436 (1966). (ECF No. 16 at 4-5.) On December 5, 2025, this Court issued an order finding that none of petitioner's claims are exhausted. (See ECF No. 18.) In this order, the Court granted petitioner thirty days to file a motion to stay this action while petitioner exhausts his claims pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (Id.) On January 7, 2026, petitioner filed a motion to stay. (ECF No. 22.) This motion is pending before the court.

On December 1, 2025, petitioner filed a motion for a temporary restraining order. (ECF No. 17.) In this motion, petitioner raised claims regarding the merits of his conviction and conditions of confinement. (Id.) On December 5, 2025, this Court recommended that petitioner's motion for a temporary restraining order filed December 1, 2025 be denied. (ECF No. 19.) This Court found that to the extent petitioner raised claims regarding the merits of the claims raised in the habeas corpus petition, petitioner failed to demonstrate a likelihood of success on the merits because those claims were not exhausted. (Id. at 3.) This Court found that the claims regarding conditions of confinement were improperly raised in a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (a civil rights action is the "proper remedy" for a petitioner asserting "a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). (Id.) Regarding petitioner's claims alleging denial of access to legal property, denial of access to the courts and mail tampering, this Court found that petitioner

2

failed to demonstrate an inability to litigate the instant action based on these claims.  (Id. at 4.) On January 5, 2026, the district court adopted the December 5, 2026 findings and recommendations recommending that petitioner's motion for a temporary restraining order be denied.  (ECF No. 21.)

**III.  DISCUSSION**

The pending motion for a temporary restraining order is titled "Injunction/Temporary Restraining Order/Return of Property."  (ECF No. 23 at 1.)  This Court first describes what appears to be the gravamen of the pending motion.  Petitioner claims that on January 25, 2026, petitioner sent a petition for writ of habeas corpus to the California Supreme Court in order to exhaust his unexhausted claims.  (Id. at 1.)  Petitioner claims that on February 2, 2026, petitioner received a reply from the California Supreme Court stating that petitioner is being held under the name "Mr. Wimberley."  (Id.)  Petitioner claims that he does not know a Mr. Wimberley and that petitioner is not Mr. Wimberley.  (Id.)  Petitioner claims that he is being falsely imprisoned under Mr. Wimberley's case.  (Id. at 2.)  Petitioner also claims that he was informed, apparently by prison officials, that he cannot leave California State Prison-Sacramento ("CSP-Sac"), where he is presently incarcerated, unless petitioner leaves at CSP-Sac all the property he arrived with when he transferred to CSP-Sac on August 16, 2025.  (Id.)  Petitioner claims he is entitled to immediate release with his property because he is being falsely imprisoned under a different individual's case which has no connection to petitioner.  (Id.)

In the pending motion, petitioner requests that he be immediately released and provided with his property because he received a document from the California Supreme Court informing him that he is being held under the name Mr. Wimberley, thus proving petitioner's claim that he is wrongly imprisoned under the name of another person.  However, petitioner does not attach the document he allegedly received from the California Supreme Court identifying petitioner as Mr. Wimberley.  This Court cannot evaluate the merits of petitioner's claim that he is wrongly imprisoned under the name of another person, and whether this claim is exhausted, without reviewing the document petitioner allegedly received from the California Supreme Court. Because petitioner failed to provide the court with this document, this Court finds that petitioner

3

has not demonstrated a likelihood of success on the merits of his claim that he is being wrongly imprisoned under the name of another person. Accordingly, petitioner's motion for a temporary restraining order should be denied.

Petitioner is ordered to file a copy of the habeas corpus petition he allegedly sent to the California Supreme Court on January 25, 2026 and the response to this petition he allegedly received from the California Supreme Court on February 2, 2026. Following receipt of these documents, this Court will address petitioner's pending motion to stay.

**IV. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, petitioner shall file a copy of the petition for writ of habeas corpus he sent to the California Supreme Court on January 25, 2026 and a copy of the response to this petition he received from the California Supreme Court on February 2, 2026; and

IT IS HEREBY RECOMMENDED that petitioner's motion for a temporary restraining order (ECF No. 23) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 11, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Aust2054.tro(2)/2

4