UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN OSCAR AUSTIN, | No. 2:25-cv-2054 DAD CSK |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| UNKNOWN, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Stanislaus County conviction for robbery, carjacking, felon in possession of a firearm, evading police and gun enhancements. (ECF No. 16 at 1.) Pending before the Court is petitioner's motion to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005) while petitioner exhausts his unexhausted claims. (ECF No. 22.) For the following reasons, this Court recommends that petitioner's motion to stay be denied and this action be dismissed as no claims are exhausted.

**I.    LEGAL STANDARDS RE: EXHAUSTION AND STAY AND ABEYANCE**

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction

1

proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346, 351 (1989). A claim has been fairly presented if the petition has described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233, 237 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-38.

A petitioner may avoid dismissal of a petition containing unexhausted claims through seeking a stay and abeyance of his petition. See Dixon v. Baker, 847 F.3d 714, 718-20 (9th Cir. 2017). The purpose of a stay and abeyance is to give a petitioner the opportunity to exhaust his claims in state court before presenting them in federal court. Id.

A stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) may be employed as to both mixed petitions and petitions raising only unexhausted claims.[1] See Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016). A Rhines stay is appropriate if petitioner demonstrates (1) good cause for his failure to exhaust, (2) any one of the unexhausted claims is potentially meritorious; and (3) there is no indication that the petitioner engaged in abusive tactics or intentional delay. See Rhines, 544 U.S. at 277-78.

**II.    BACKGROUND**

On July 21, 2025, petitioner opened this action by filing a letter with the court. (ECF No. 1.) In this letter, petitioner appeared to challenge his Stanislaus County conviction. (Id.) Petitioner also appeared to raise claims challenging the conditions of his confinement. (Id.) On

---

[1] The Court notes that the alternative procedure for staying and abeying a federal habeas petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), only applies to habeas petitions that contain exhausted as well as unexhausted claims for relief. Because the instant petition is wholly unexhausted, a Kelly stay is not available in the present case.

2

July 24, 2025, this Court granted petitioner thirty days to file a petition for writ of habeas corpus and application to proceed in forma pauperis. (ECF No. 3.) This Court directed the Clerk of the Court to send petitioner the form for a habeas corpus petition pursuant to 28 U.S.C. § 2254 and an in forma pauperis application. (ECF No. 3.) This Court also directed the Clerk of the Court to forward a copy of petitioner's July 21, 2025 letter to the Fresno Division of this court to be opened as a civil rights action. (Id.) On October 9, 2025, this Court recommended that this action be dismissed after petitioner failed to file his habeas corpus petition and in forma pauperis application. (ECF No. 10.) On October 14, 2025, petitioner filed his in forma pauperis application and on October 20, 2025, petitioner filed objections to the findings and recommendations. (ECF Nos. 11, 12.) On October 27, 2025, this Court vacated the October 9, 2020 findings and recommendations and granted petitioner thirty days to file his habeas corpus petition. (ECF No. 13.)

On November 21, 2025, petitioner filed a habeas corpus petition. (ECF No. 16.) The petition appears to raise the following claims: (1) conviction obtained in violation of the Fourth Amendment; (2) ineffective assistance of counsel; (3) violation of Brady v. Maryland, 373 U.S. 83 (1963), Fourteenth Amendment right to due process and equal protection; and (4) violation of Fifth Amendment right against self-incrimination, the Takings Clause, double jeopardy and Miranda v. Arizona, 384 U.S. 436 (1966). (Id. at 4-5.) On December 5, 2025, for the following reasons, this Court found that no claims raised in the petition were exhausted and granted petitioner thirty days to file a motion to stay pursuant to Rhines:

> In the petition, petitioner states that he filed a petition for review in the California Supreme Court raising the following claims: 1) failure to preserve evidence; 2) jury instruction error regarding flight; 3) prosecutorial misconduct; 4) trial court erred in denying motion for new trial; 5) interference with right to counsel of choice; and 6) sentencing error. (Id. at 2.) Petitioner also claims that the California Supreme Court transferred the action back to the California Court of Appeal for consideration of Senate Bill 1393. (Id.)
>
> This Court reviewed the order by the California Court of Appeal affirming petitioner's conviction on direct appeal. See People v. Austin, case no. F073937, 2018 WL 3373409 (Cal. App. July 11, 2018). In this order, the California Court of Appeal addressed the same claims petitioner claims he raised in the petition for review.

3

See id. This Court finds that the petition for review did not raise any of the claims raised in the instant petition. However, further discussion regarding this finding is required as to petitioner's Brady claim raised in claim three and petitioner's ineffective assistance of counsel claim raised in claim two.

The opinion of the California Court of Appeal on direct appeal reflects that petitioner raised a claim alleging failure to preserve evidence. See Austin, 2018 WL 3373409, at *7. The California Court of Appeal described the failure to preserve evidence claim as based on the trial court's abuse of discretion in denying a motion to dismiss the case in light of discovery violations by the prosecution team. See id. Petitioner "pointed to the failure to retain the items from which the latent fingerprints were obtained, and the AFIS list of potential matches to those prints." Id. Petitioner claimed that "the trial court should have excluded the fingerprint evidence or otherwise imposed sanctions, and the abuse of its discretion denied him his federal constitutional rights to the effective assistance of counsel and due process of law." Id. In analyzing this claim, the California Court of Appeal cited Brady. See id. at *10. The California Court of Appeal denied petitioner's failure to preserve evidence claim, finding no due process violation and no ineffective assistance of counsel. See id. at *11.

Although claim three in the instant petition raises a Brady claim, claim three is not based on the failure to preserve evidence claim raised in the petition for review. In claim three, petitioner claims,

> The petitioner was denied adequate discovery prior to preliminary examination and trial which prevented him from challenging Fourth Amendment violations and illegal arrest claims since his name was not on any probable cause forms or warrants for arrest and had no record and his vehicle was registered to him and therefore no probable cause existed to arrest or detain him and no justification in searching vehicle and illegally seizing his property which would support exclusion of such evidence, defending current, prior or future prosecution. Denial of discovery denied him meritorious defense which would have been prevailing, denied him of fair hearing and trial and caused him to face material and prejudicial evidence/testimony without opportunity for meaningful cross-examination, impeachment and proving falsity and prosecutor misconduct and factual innocent claim.

(ECF No. 16 at 5.)

Because petitioner's Brady claim raised in claim three is not based on the failure to preserve evidence claim raised in the petition for review, this Court finds that claim three is not exhausted by the petition for review.

Although claim two in the instant petition raises an ineffective assistance of counsel claim, this claim is not based on the ineffective assistance of counsel claim related to the failure to preserve evidence claim raised in the petition for review. In claim two, petitioner

4

claims,

> The petitioner has been provided ineffective assistance of counsel on multiple levels under Strickland and Cronic standards which caused a structural error of a constitutional magnitude. Counsels have failed to investigate or present illegal search and seizure claim, obtain petitioner's identifying documents back to support lack of personal jurisdiction claim, provided inadequate legal advice regarding suppression motion based on illegal arrest and illegal search and seizure and double jeopardy claims, failed to adequately consult with petitioner and provide discovery he was entitled to and colluded with the opposition in order to fraud the court and the petitioner, steal his property, coerce him into taking plea deals or abandon meritorious defenses and kept critical information from petitioner which would be beneficial to defense. Counsel was at a time completely absent at critical stages and when petitioner was absent stipulated to facts without his consent or did not ensure his right to present and contribute to his defense was upheld which contributed to the petitioner's convictions and loss of defenses.

(Id. at 4.)

Because claim two does not raise the ineffective assistance of counsel claim related to the failure to preserve evidence claim raised in the petition for review, this Court finds that claim two is not exhausted by the petition for review.

This Court observes that in the petition, petitioner cites three cases he allegedly filed in the California Supreme Court: S250686, S253363 and S284875. [Footnote 2.] (ECF No. 16 at 49.) This Court below discusses these cases and finds that they did not exhaust any of the claims raised in the instant petition.

[Footnote 2: This Court takes judicial notice of the California Supreme Court records in case nos. S250686, S253363 and S284875. See Fed. R. Evid. 201(b); Reyn's Pasta Bella LLC v Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (observing that the court "may take judicial notice of court filings and other matters of public record.").]

Records from the California Supreme Court reflect that California Supreme Court case no. S250686 was the petition for review filed by petitioner from the order by the California Court of Appeal in case no. F073937 affirming petitioner's conviction. The docket from the California Supreme Court in case no. S250686 reflects that on October 24, 2018, the California Supreme Court granted the request for consideration of an additional issue in the petition for review and granted the petition for review. The California Supreme Court transferred the matter back to the California Court of Appeal with directions to vacate its decision and reconsider in light of Senate Bill 1393.

5

Records from the California Supreme Court reflect that California Supreme Court case no. S253363 was a petition for review opened on January 4, 2019 and denied on February 13, 2019. This petition for review appears to have challenged the December 3, 2018 order by the California Court of Appeal in case no. F073937 reconsidering its opinion in light of Senate Bill 1393. See People v. Austin, 2018 WL 6303822 (Cal. App. Dec. 3, 2018). Based on Senate Bill 1393, the California Court of Appeal remanded the matter to the trial court with discretion to resentence petitioner. See id. at *25.

Records from the California Supreme Court reflect that California Supreme Court case no. S284875 was a petition for review from California Court of Appeal case no. F086583. In case no. S284875, on June 12, 2024, the California Supreme Court denied the petition for review. To put case no. S284875 in context, this Court makes the following observations. After the California Court of Appeal in case no. F073937 remanded the matter to the trial court for the first time, the trial court exercised its discretion to strike the punishment for the California Penal Code § 667(a) enhancement but then unstayed the California Penal Code § 667.5(b) enhancement. See People v. Austin, 2021 WL 222351 (Cal. App. Jan. 22, 2021). In case no. F079651, the California Court of Appeal reviewed the trial court's resentencing of petitioner following the remand in case no. F073937. In case no. F079651, the California Court of Appeal struck the California Penal Code § 667.5(b) enhancement, vacated the sentence and remanded the matter to the trial court for a second time to conduct a new sentencing hearing. See id. at *2. Following the second remand, the trial court sentenced petitioner to 27 years, four months in prison. See People v. Austin, 2022 WL 4354618, at *1 (Cal. App. Sept. 20, 2022). In case no. F083888, the California Court of Appeal reviewed the trial court's latest resentencing of petitioner and ordered the $900 probation report fee stricken, vacated the sentence and remanded the matter to the trial court for a third time to pronounce judgment in compliance with AB 518 and all other laws in effect at the time. See id. at *4. In case no. F086583, the California Court of Appeal considered petitioner's appeal of the trial court's resentencing ordered in case no. F083888 following the third remand. See id. at 1-3. In case no. F086583, the California Court of Appeal affirmed the judgment and did not remand for further resentencing. See id. at *3. In case no. S284875, the California Supreme Court denied the petition for review filed from California Court of Appeal case no. F086583.

In conclusion, the petition for review filed in California Supreme Court case no. S250686 addressed the claims raised in petitioner's direct appeal filed in the California Court of Appeal, none of which are raised in the instant petition. The petitions for review filed in California Supreme Court case nos. S253363 and S284875 raised claims regarding petitioner's sentence, none of which are raised in the instant petition.

(ECF No. 18 at 3-7.)

On January 7, 2026, petitioner filed the pending motion to stay. (ECF No. 22.) On

6

January 25, 2026, petitioner sent a habeas corpus petition to the California Supreme Court to exhaust the claims raised in the instant petition, California Supreme Court case no. S295092. (ECF No. 23 at 1; ECF No. 25 at 1, 20.)

This Court also observes that on October 8, 2020, petitioner filed a pro se habeas corpus petition in this court challenging the same conviction as challenged in the instant case but raising different claims than are raised in the instant action.  See Case No. 1:20-cv-1449 AWI JLT (E.D. Cal.) (ECF No. 1).[2]  On December 2, 2020, in case no. 1:20-cv-1449, the magistrate judge recommended that the petition be dismissed on the grounds that the claims were unexhausted. See id. (ECF No. 10).  On February 2, 2021, in case no. 1:20-cv-1449, the district court adopted the December 2, 2020 findings and recommendations and the action was dismissed.  See id. (ECF Nos. 11, 12).

**III.    DISCUSSION**

For the following reasons, this Court finds that petitioner fails to meet his burden of demonstrating the good cause requirement for a Rhines stay.  In Dixon v. Baker, 847 F.3d 714 (9th Cir. 2017), the Ninth Circuit found  that "[a] petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel."  847 F.3d at 721.  For petitioners who were pro se in their state post-conviction proceedings, "the first element of the Rhines test can easily be established to the extent they were without counsel."  Id. at 722.

In case no. 1:20-cv-1449, petitioner was informed of the exhaustion requirements.  In case no. 1:20-cv-1449, on October 15, 2020, the magistrate judge issued an order to show cause to petitioner why the petition should not be dismissed for his failure to exhaust state court remedies.  See Case No. 1:20-cv-1449 (ECF No. 5).  In the order to show cause, the magistrate judge set forth the legal standards for exhaustion of state court remedies.  See id. (ECF No. 5).  In the December 2, 2020 findings and recommendations, the magistrate judge again addressed the

---

[2]  This Court takes judicial notice of the record in Case No. 1:20-cv-1449 AWI JLT.  See Fed. R. Evid. 201(b); Reyn's Pasta Bella LLC, 442 F.3d at 746 n.6.

legal standards for exhaustion of state court remedies.  See id.  (ECF No. 10).  Therefore, petitioner was made aware of how to exhaust state court remedies in case no. 1:20-cv-1449.  For this reason, this Court distinguishes the instant action from Dixon, and finds that petitioner failed to demonstrate good cause for his failure to present his claims to the California Supreme Court prior to filing this action.  See Jennings v. Price, 2018 WL 4677599, at *4 (E.D. Cal. Sept. 27, 2018) (distinguishing Dixon where petitioner was informed of exhaustion requirement in prior federal action and presented other claims to the California Supreme Court); Juarez v. Covello, 2020 WL 1318357, at *3 (C.D. Cal. Feb. 4, 2020), findings and recommendations adopted, 2020 WL 1317726 (C.D. Cal. Mar. 20, 2020) ("Good cause for failing to exhaust claims earlier cannot be inferred where facts suggest that the petitioner understood the technical requirements of exhaustion.").

Further, this Court also observes that on July 24, 2025, the Clerk of the Court sent petitioner the habeas corpus petition form that admonished him about the requirement to exhaust claims in state court:  "Caution:  In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court."  (ECF No. 16 at 3.)  Therefore, petitioner has been on notice since he received that form of the exhaustion requirements, but offers no explanation for his failure to file his exhaustion petition until January 25, 2026.  Cf. Senator v. Bird, 2023 WL 4681062, at *18 (C.D. Cal. May 4, 2023), findings and recommendations adopted, 2024 WL 841201 (C.D. Cal. Feb. 27, 2024) ("Under Dixon, [petitioner] has likely shown good cause for his failure to exhaust any such claims up to the time he filed his Petition in this Court because he had no counsel for habeas review.  But he has not adequately explained his failure to exhaust in the near four months between the date he filed the Petition and the date he requested a Rhines stay.").

In the pending motion, petitioner claims that he attempted to exhaust his remedies through all avenues available but dealt with "corruption, interference, suppression of evidence, identity theft, mail fraud and multiple other obstacles…"  (ECF No. 22 at 12.)  Petitioner claims that he filed at a minimum six habeas corpus petitions raising the claims raised in the instant action in the Superior Court and California Court of Appeal.  (Id.)  Petitioner claims that these petitions were

8

either ignored or did not make it to the courts.  (Id.)  Petitioner provides no evidence supporting his conclusory claims that his ability to exhaust his claims was thwarted by corruption, interference, the failure of state courts to process his petitions, etc.  See Blake v. Baker, 745 F.3d 977, 892 (9th Cir. 2014) ("An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust;" "[A] bald assertion cannot amount to a showing of good cause [under Rhines.]").

This Court observes that on March 5, 2026, petitioner filed a motion for a temporary restraining order claiming, in part, that in response to his habeas corpus petition filed in case no. S295092, the California Supreme Court informed petitioner that he is being held under the name "Mr. Wimberley."  (ECF No. 23 at 1.)  This Court recommended that petitioner's motion for a temporary restraining order be denied but directed petitioner to file a copy of the petition for writ of habeas corpus he sent to the California Supreme Court and the response he received from the California Supreme Court.  (ECF No. 24.)  On March 26, 2026, petitioner filed a copy of the petition he filed in the California Supreme Court in case no. S295092 and two letters he received from the California Supreme Court dated February 2, 2026 and February 19, 2026.  (ECF No. 25.)  The letter dated February 2, 2026 contains petitioner's name and address but begins, "Dear Mr. Wimberley."  (Id. at 18.)  The identification of petitioner as "Mr. Wimberley" appears to be an error and does not demonstrate that petitioner is being held under the name "Mr. Wimberley." The letter dated February 19, 2026 contains petitioner's name and address and is addressed to "Mr. Austin."  (Id. at 19.)  To the extent petitioner claims his ability to exhaust state court remedies is somehow thwarted because he is being held under the name "Mr. Wimberley," this Court finds that this claim is not supported by the evidence.

Because petitioner fails to demonstrate good cause for his failure to exhaust his claims, this Court need not reach the other two factors in the Rhines test.  See Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008).

**IV.    REQUEST FOR EVIDENTIARY HEARING**

In the motion to stay, petitioner also requests an evidentiary hearing.  (ECF No. 22.) Because this Court recommends that petitioner's motion to stay be denied and that this action be

9

dismissed, petitioner's request for an evidentiary hearing is denied.

## V.  CONCLUSION

For the reasons discussed above, this Court recommends that petitioner's motion to stay be denied because petitioner fails to meet his burden of demonstrating good cause for his failure to exhaust his claims prior to filing the instant petition.  This Court further recommends that this action be dismissed without prejudice on the grounds that the claims raised in the petition are not exhausted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's motion to stay this action and for an evidentiary hearing (ECF No. 22) be denied.

2.  This action be dismissed without prejudice based on petitioner's failure to exhaust state court remedies as to the claims raised in the petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 10, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Aust2054.156.stay/2

10