UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN OSCAR AUSTIN,

Petitioner,

v.

UNKNOWN,

Respondent.

No. 2:25-cv-2054-DAD-CSK HC

ORDER ADOPTING BOTH FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PETITIONER'S MOTION FOR A *RHINES* STAY, AND DISMISSING PETITION WITHOUT PREJUDICE

(Doc. Nos. 22, 23, 24, 28)

Petitioner Steven Oscar Austin is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On March 11, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's motion for a temporary restraining order (Doc. No. 23) be denied. (Doc. No. 24.) Specifically, the magistrate judge concluded that in seeking an order requiring state prison officials to return his property and immediately release him, petitioner had failed to make the required showing that he was likely to succeed on the merits of his claim that he was wrongfully imprisoned under the name of another person. (*Id.* at 3–4.)

/////

Those pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 4.) On March 26, 2026, the court received a response from petitioner directed to the magistrate judge made up of a total of 59 pages including attachments. (Doc. No. 25.) That response was difficult to decipher, failed to directly address the recommendation that his motion for a temporary restraining order be denied, and provided no basis upon which that recommendation should be rejected.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the March 11, 2026 findings and recommendations are supported by the record and proper analysis.

Next, on July 10, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's motion for a stay of these federal habeas proceedings pursuant to the decision in *Rhines v. Weber*, 554 U.S. 269 (2005) and for an evidentiary hearing (Doc. No. 22), be denied. (Doc. No. 28.) Specifically, the magistrate judge found that the pending petition contained only unexhausted claims and that petitioner had failed to make any showing of good cause for his failure to exhaust those habeas claims by first presenting them to the state's highest court. (*Id.* at 7–9.) In light of that finding, it was also recommended that petitioner's request for an evidentiary hearing be denied. (*Id.* at 9–10.)

The July 10, 2026 findings and recommendations were also served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 4.) To date, petitioner has not filed any objections to those findings and recommendations and the time in which to do so has passed.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending July 10, 2026 findings and recommendations are also supported by the record and proper analysis.

---

[1] Prior to the issuance of the findings and recommendations, on April 13, 2026, petitioner did file with the court a request for status update regarding his motion for a stay. (Doc. No. 26.)

Accordingly,

1. The findings and recommendations issued on March 11, 2026 (Doc. No. 24) are ADOPTED in full;
2. Petitioner's motion for a temporary restraining order (Doc. No. 23) is denied;
3. The findings and recommendations issued on July 10, 2026 (Doc. No. 28) are ADOPTED in full;
4. Petitioner's motion for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005) and for an evidentiary hearing (Doc. No. 22) is DENIED;
5. This federal habeas action is dismissed without prejudice due to petitioner's failure to exhaust his claims in state court; and
6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 10, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE